**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Rondrick Lamar GRAY, Defendant–**
**Appellant.**

**No. 10–11150**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 2012.

Jay Stevenson Weimer, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, Jeffrey Robert Haag, Assistant U.S. Attorney, U.S. Attorney's Office, Lubbock, TX, for Plaintiff–Appellee.

Richard Alan Anderson, Federal Public Defender, Federal Public Defender's Office, Dallas, TX, David E. Sloan, Assistant Federal Public Defender, Federal Public Defender's Office, Lubbock, TX, for Defendant–Appellant.

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

PER CURIAM: *

This Court previously affirmed the sentence of Appellant because *United States v. Tickles*, 661 F.3d 212 (5th Cir.2011) (per curiam), held that the Fair Sentencing Act of 2010 ("FSA") does not apply retroac-

tively to a defendant who is sentenced after the effective date of the FSA if the offense preceded that effective date. *See* 661 F.3d at 214–15. However, in *United States v. Berry*, No. 11–51050, 701 F.3d 808 (5th Cir. Nov.26, 2012) (per curiam), this Court determined that *Tickles* had been overruled by *Dorsey v. United States*, —— U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). In *Dorsey*, the Supreme Court announced that the more lenient penalties of the FSA apply to offenders who were sentenced after the effective date of the FSA if the underlying offense was committed before the effective date of the FSA. 132 S.Ct. at 2326.

The Supreme Court granted certiorari, vacated, and remanded this case for further consideration in light of *Dorsey*. We, therefore, VACATE the judgment of sentence and REMAND for resentencing in accordance with *Dorsey*.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.